1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

WILLIAM ROBERT DIXON,

  *Petitioner*,

vs.

ROBERT LEGRANDE, *et al.*,

  *Respondents*.

3:13-cv-00150-HDM-VPC

ORDER

  This habeas matter under 28 U.S.C. § 2254 comes before the Court for initial review under Rule 4 of the Rules Governing Section 2254 Cases.

  Petitioner was convicted in Ohio.  He presently is incarcerated in Nevada, however, on the Ohio conviction perhaps pursuant to an interstate corrections compact.  Following review, it appears that the matter should be transferred to the Southern District of Ohio without action on any submission other than the "motion for change of venue" that petitioner filed with the case in this district seeking to litigate the petition instead in this district.

  The papers submitted along with the online docket records of this Court and the Southern District of Ohio reflect the following.

  Petitioner William Robert Dixon seeks to challenge his August 2006 Ohio state conviction, pursuant to a jury verdict of complicity to commit aggravated robbery, complicity to commit aggravated burglary, and complicity to commit felonious assault.

  On May 6, 2011, Dixon filed a federal habeas petition in No. 3:11-cv-00150-TMR-MJN in the Southern District of Ohio seeking to challenge the same judgment of conviction.  That

1    court dismissed the petition with prejudice on the merits on February 11, 2013.  The district

2    court denied a certificate of appealability.  Petitioner has filed a notice of appeal that remains

3    pending for consideration at this time in the Sixth Circuit.

4           On or about March 19, 2013, Dixon mailed the present federal petition to the Clerk of

5    this Court seeking to challenge the same judgment of conviction.  In the "motion for change

6    of venue" accompanying the petition, he "ask[s] Nevada to take federal jurisdiction."

7    Petitioner asserts that he was secretly moved to Nevada in November 2012 to protect him

8    from "Ohio state" after "they made 3 attempts to kill me," that the courts and police in Ohio

9    lied, that the case is a "major conspiracy," that he has evidence to "expose" the ruling in the

10   Southern District of Ohio, that he is "under actual innocence," that "the White House

11   authenticated my passport alibi," and that he and his family's lives are in danger.[1]

12          In *Fest v. Bartee*, 804 F.2d 559 (9ᵗʰ Cir. 1986), the Ninth Circuit held that a petition

13   such as the present one by an out-of-state inmate held by Nevada authorities instead should

14   be filed in a district in the state in which the conviction originated.  The Court of Appeals relied

15   upon *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973), which had held

16   that an inmate in physical custody in one state could challenge his future custody under a

17   detainer lodged by another state in a district court in the state that lodged the detainer.  In

18   *Fest*, the Ninth Circuit relied upon *Braden* for the propositions that: (a) a habeas petition can

19   be brought in the court with jurisdiction over the prisoner or his custodian, referring broadly

20   to the officer legally responsible for the prisoner's incarceration rather than to his immediate

21   physical custodian;  and (b) the physical presence of the prisoner is not necessary for habeas

22   corpus jurisdiction as long as the court has jurisdiction over the person holding the prisoner,

23   once again referring broadly to the officer legally responsible for the custody rather than the

24   immediate custodian.  *See* 804 F.2d at 560.  If *Fest* remains good law, this Court clearly has

25   the authority to transfer the action to the Southern District of Ohio, and, indeed, under the

26   Ninth Circuit's holding, it not only can do so but should do so.

27   _____

28          [1]#1-4.

1    As Judge Dawson with this Court noted in *Gustafson v. Williams*, No. 2:09-cv-01225,

2  2010 WL 1904518 (May 10, 2010), the subsequent decisions in *Rumsfeld v. Padilla*, 542 U.S.

3  426 (2004), and *Rasul v. Bush*, 542 U.S. 466 (2004), introduce a measure of doubt as to

4  whether *Fest* remains good law.  After extensively reviewing the potential interaction between

5  the two Supreme Court decisions and *Fest*, Judge Dawson ultimately concluded that the

6  Court should follow "the apposite and otherwise controlling precedent from this Circuit rather

7  than the conflicting implications from the discussions in *Rasul* and *Padilla* by a Supreme Court

8  that was focused upon a markedly different context."  *Id*., at *3.  He accordingly  transferred

9  the matter to the federal district in the state where the petitioner was convicted, "where

10 common sense would indicate that the challenge to petitioner's . . . conviction would best be

11 litigated."  *Id.; see also id.*, at *1 & n.2 (discussing in particular the convenience of the parties

12 and witnesses and the interests of justice).

13    The undersigned concurs with Judge Dawson's analysis in *Gustafson* and will follow

14 it here.

15    In this case, Dixon already has taken the opportunity in the "motion for change of

16 venue" to present his argument as to why venue should be maintained in this district.  To any

17 extent that petitioner has an *arguendo* non-fanciful concern as to the physical safety of

18 himself and others, the venue in which this successive habeas petition is litigated will not have

19 any necessary impact on anyone's physical security, one way or the other.  To the extent that

20 petitioner has concerns with the district court's decision in No. 3:11-cv-00150 in the Southern

21 District of Ohio, petitioner must seek relief in the courts that have jurisdiction to review the

22 decisions of that court and/or in that court.  This Court is not an appropriate forum within

23 which to air petitioner's disagreement with the decision of a coordinate federal district court.

24    The convenience of the parties and witnesses and the interests of justice otherwise are

25 best served by the litigation of all issues arising on this facially successive and untimely

26 petition challenging the Ohio conviction in the Southern District of Ohio.

27    Petitioner's "motion for change of venue," as a request to maintain venue in this district

28 accordingly will be denied; and the Court will transfer this matter to the Southern District of

Ohio.  Other than the foregoing motion, the Court does not rule on any other submissions, including the pauper application, in deference to the transferee court's case management decisions following the transfer.  For substantially the same reason, the Court does not address the matter of the appropriate respondent in the event that the matter *arguendo* were to proceed to service in the Southern District of Ohio.  *See generally Gustafson*, slip op. at *2 & *3 n.6 (discussion of proper respondent issues).

IT THEREFORE IS ORDERED that petitioner's motion (#1-4) styled as a "motion for change of venue," construed as a request to *maintain* venue in this district, is DENIED.

IT FURTHER IS ORDERED that the Clerk of Court shall TRANSFER this action to the Western Division of the Southern District of Ohio, through its Dayton Divisional Office and/or in such manner as is consistent with current practice on the courts' electronic docketing systems for such transfers.[2]

DATED: April 3, 2013.

_____
HOWARD D. MCKIBBEN
United States District Judge

---

[2]See http://www.ohsd.uscourts.gov/clerksoffice/dayton.htm.