# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

WILLIAM ROBERT DIXON,

    *Petitioner*,

vs.

ROBERT LEGRANDE, *et al.*,

    *Respondents*.

3:13-cv-00150-HDM-VPC

ORDER

      This habeas matter, which already has been transferred to the Southern District of Ohio, comes before the Court on petitioner's motion (#6) for reconsideration of the transfer.

      The motion for reconsideration will be denied.

      First, the Court does not have jurisdiction to reconsider the transfer order in the first instance. It is well-established law that the docketing of a transferred case in an out-of-circuit transferee court terminates the jurisdiction of both the transferor court and the corresponding court of appeals. *See,e.g., NBS Imaging Systems, Inc. v. United States District Court*, 841 F.2d 297, 298 (9th Cir. 1988); *Lou v. Belzberg*, 834 F.2d 730, 733 (9th Cir. 1987); 15 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure: Jurisdiction* § 3846 (3rd ed. 2010). The April 5, 2003, transmittal return from the Southern District of Ohio reflects that the transferred case was docketed in that court on April 4, 2013. Petitioner did not mail his motion for reconsideration for filing until on or after April 7, 2013, after the transferred case had been docketed in the Southern District of Ohio. There thus no longer is any jurisdiction in this District or Circuit to reconsider or review the transfer order.

1  Second, petitioner in any event merely restates arguments that this Court considered
2  and rejected in the transfer order. As the Court stated in the prior order:

> In this case, Dixon already has taken the opportunity in the "motion for change of venue" to present his argument as to why venue should be maintained in this district. To any extent that petitioner has an *arguendo* non-fanciful concern as to the physical safety of himself and others, the venue in which this successive habeas petition is litigated will not have any necessary impact on anyone's physical security, one way or the other. To the extent that petitioner has concerns with the district court's decision in No. 3:11-cv-00150 in the Southern District of Ohio, petitioner must seek relief in the courts that have jurisdiction to review the decisions of that court and/or in that court. This Court is not an appropriate forum within which to air petitioner's disagreement with the decision of a coordinate federal district court.

#4, at 3.

Petitioner must present his arguments, *e.g.*, that "Ohio is corrupted, Ohio is covering up the facts and lying on rulings, [and] no one in Ohio will do the right thing . . ." to a reviewing court with jurisdiction to review the prior decision in the Southern District of Ohio. This Court, again, is not an appropriate forum within which to air petitioner's disagreement with the decision of a coordinate federal district court. A convicted felon's bald assertion that law enforcement and the courts in another jurisdiction are corrupt provides absolutely no basis for this Court to take on a jurisdiction that it does not have to either directly or collaterally review the presumptively valid proceedings of a coordinate federal district court.

That is the Court's last word on the matter. The action is closed in this district.

IT THEREFORE IS ORDERED that petitioner's motion (#6) for reconsideration is DENIED.

DATED: April 29, 2013.

_____
HOWARD D. MCKIBBEN
United States District Judge